## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-596

STATE OF LOUISIANA

VERSUS

WAYNE PRATER

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-09-2808
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

**Hon. Herbert Todd Nesom
District Attorney - 33rd JDC
P.O. Box 839
Oberlin, LA 70655
(337) 639-2641
COUNSEL FOR APPELLEE:**
    State of Louisiana

**Errol David Deshotels
Deshotels, Deshotels & Mouser
P. O. Box 399
Oberlin, LA 70655
COUNSEL FOR APPELLANT:**
    Wayne Prater

**Gremillion, Judge.**

On February 28, 2011, Defendant Wayne Prater was convicted of first offense D.W.I., in violation of La.R.S. 14:98, driving across the median, in violation of La.R.S. 32:82, and resisting an officer, in violation of La.R.S. 14:108. The court imposed a six-month suspended sentence with one year of supervised probation, a $750 fine, and court costs for D.W.I.; a $100 fine for driving across the median; and a thirty-day suspended sentence with six months of supervised probation, a $250 fine, and court costs for resisting an officer. On March 4, 2011, Defendant filed a "Motion for Appeal and/or Notice of Application for Writs" requesting that the trial court grant his motion and fix a return date seventy-five days from the granting of the motion in accordance with La.Code Crim.P. art. 915(A). The trial court granted the motion, set a return date of June 23, 2011, and issued a Notice of Appeal.

On May 16, 2011, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. On June 7, 2011, Defendant replied with a brief in which he appears to acknowledge that the case is not appealable and requests that the matter be treated as a supervisory writ application.

The judgment at issue is not appealable. La.Code Crim.P. art. 912.1. That being the case, we hereby dismiss Defendant's appeal. However, Defendant may seek supervisory writs within thirty days of the date of this decision. Defendant is not required to file a notice of intent to seek writs nor obtain an order from the trial court setting a return date as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**